**Saul Munoz SIBAJA, Rafaela Arrieta Porra, et al., Plaintiffs-Appellants,**

v.

**DOW CHEMICAL COMPANY, et al., Defendants-Appellees.**

No. 83–5655.

United States Court of Appeals, Eleventh Circuit.

April 16, 1985.

Rehearing and Rehearing En Banc Denied May 23, 1985.

Russell W. Budd, Frederick M. Baron & Associates, Jane Saginaw, Dallas, Tex., Robles & Robles, Miami, Fla., for plaintiffs-appellants.

Henry Burnett, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, Fla., Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Thomas F. Martin, Miami, Fla., R. Burton Ballanfant, Litigation Section, Shell Oil Co., Legal Dept., Houston, Tex., for Shell Oil.

Corlett, Killian, Hardeman, McIntosh & Levi, Michael B. Buckley, Leanne J. Frank, Miami, Fla., for Dow Chemical.

Before TJOFLAT and VANCE, Circuit Judges, and ATKINS[*], District Judge.

PER CURIAM:

The district court dismissed this diversity case under the doctrine of *forum non conveniens*. The plaintiffs appeal, claiming that the *Erie*[1] doctrine required the court to apply the state *forum non conveniens* rule which would have precluded the dismissal. We affirm.

I.

The plaintiffs are fifty-eight Costa Rican agricultural workers. They claim to have been sterilized as a result of their exposure in Costa Rica to pesticides manufactured by either Dow Chemical Company or Shell Oil Company. In May 1983, they sued these companies in Florida state court, seeking damages under product liability theories of negligence, strict liability in tort and implied warranty. The Florida court had personal jurisdiction over the defendants because they were qualified to transact business in the State of Florida. Fla. Stat. § 48.091 (1983).[2]

The defendants removed the case to the U.S. District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1332(a)(2) (1982), and, thereafter, moved to dismiss the action on the ground of *forum non conveniens*. They argued that the plaintiffs should prosecute their claims in the courts of Costa Rica: the plaintiffs are Costa Rican citizens; they were injured in Costa Rica; and substantially all of the evidence and witnesses are in Costa Rica.

---

[*] Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. Dow Chemical Company and Shell Oil Company are major international corporations. They are subject to jurisdiction over their persons in the courts of every state and several foreign countries, including Costa Rica. The plaintiffs chose to sue them in Florida.

Furthermore, Florida's choice of law rule would require the district court to apply the substantive law of Costa Rica.

The plaintiffs, in response, argued that the *Erie* doctrine requires a federal district court, sitting in a diversity case, to apply the state *forum non conveniens* rule rather than the federal rule. Florida precludes the dismissal of an action under the doctrine, where one of the parties is a resident, *Seaboard Coastline Railroad v. Swain*, 362 So.2d 17, 18 (Fla.1978); *Houston v. Caldwell*, 359 So.2d 858, 861 (Fla.1978); *Waite v. Summit Leasing & Capital International Corp.*, 441 So.2d 185, 185 (Fla. Dist.Ct.App.1983);[3] therefore, the plain-

tiffs continued, the district court transgressed the *Erie* rule in dismissing the action.

■■ The district court, after weighing the traditional *forum non conveniens* factors,[4] concluded that the convenience of the parties, the witnesses and the court, and the interests of justice, dictated that the case be dismissed, and it granted the defendants' motion.[5] In appealing, the plaintiffs do not dispute the district court's interpretation of the doctrine, as it has been applied in the federal courts, and they do not dispute the court's weighing of the relevant factors. They also do not dispute that this case presents a paradigm for the

3. The other states of the Union would, apparently, apply the doctrine and dismiss the case under the circumstances presented here. *See, e.g., Alcoa Steamship Co. v. M/V Nordic Regent*, 654 F.2d 147, 155 n. 10 (2d Cir.1980) ("[a]pparently the only state where the court of last resort has continued to reject the doctrine [of *forum non conveniens*] as a matter of law is Florida").

4. The district court applied the federal *forum non conveniens* doctrine as set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). In *Gulf Oil Corp. v. Gilbert*, the Supreme Court provided a list of "private interest factors," affecting the convenience of the litigants, and a list of "public interest factors," affecting the convenience of the forum, to guide the trial court's application of the doctrine. The private interest factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." 330 U.S. at 508, 67 S.Ct. at 843. The public interest factors include the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.,* at 509, 67 S.Ct. at 843. *See also, Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).

5. The district court explained how the factors established by the Supreme Court to guide its

*forum non conveniens* inquiry warranted dismissal of the action as follows:

Applying these considerations to the case at bar, the Court finds that the considerations overwhelming weigh in favor of dismissal. The private interests are hampered in that the alleged injuries occurred in Costa Rica. All the Plaintiffs are Costa Rican. Most of the evidence and witnesses are in Costa Rica and none are in Florida and compulsory process would not be available to compel production of this evidence or the attendance of these witnesses. The cost of obtaining the evidence from Costa Rica would be substantial, if possible. The Defendants would not be able to implead potential third party defendants located in Costa Rica in this action in Florida. And, as was the case in *Piper Aircraft*, the Plaintiffs have not offered any specific reason showing the convenience of their choice.

As to the public interest factors, this case is essentially fifty eight different law suits with different elements of damages, negligence, contributor negligence etc. It could not help but congest this Court's docket more than it would that of a Court at the situs of the injury simply because of the logistics of dealing with fifty eight different Plaintiffs at this distance. It would force the Court to conduct a complex exercise in comparative law and consider a foreign law with which the Court is not familiar and which is in a foreign language. The avoidance of such comparisons is one of the objectives of the doctrine of *forum non conveniens*. It would require local jurors to hear and decide a dispute that has no connection with this community. And, finally, the Defendants have asserted that Costa Rica offers the Plaintiffs an alternative forum with an adequate remedy, an assertion that has not been rebutted by the Plaintiffs.
(Citations omitted.)

invocation of the doctrine. Their argument is, purely, that *Erie* requires the application of the state rule because this is a diversity case.

## II.

■ The doctrine of *forum non conveniens* authorizes a trial court to decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum. The doctrine derives from the court's inherent power, under article III of the Constitution, to control the administration of the litigation before it and to prevent its process from becoming an instrument of abuse, injustice and oppression. As the Supreme Court observed nearly 100 years ago, "the equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustice, are inherent and equally extensive and efficient." *Gumbel v. Pitkin*, 124 U.S. 131, 144, 8 S.Ct. 379, 383, 31 L.Ed. 374 (1888). *See also Pueblo De Taos v. Archuleta*, 64 F.2d 807, 813 (10th Cir.1933); 1 J. Moore, J. Lucas, H. Fink, D. Weckstein, & J. Wicker, Moore's Federal Practice ¶ 0.60[6] (2d ed. 1984). *Cf. Ownbey v. Morgan*, 256 U.S. 94, 110, 41 S.Ct. 433, 438, 65 L.Ed. 837 (1921) (inherent power of state court).

■ The doctrine of *forum non conveniens* is but one manifestation of that inherent power. The doctrine addresses "whether the actions brought are vexatious or oppressive or whether the interests of justice require that the trial be had in a more appropriate forum." *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 530, 67 S.Ct. 828, 834–35, 91 L.Ed. 1067 (1947); *see Williams v. Green Bay & W.R. Co.*, 326 U.S. 549, 555–56, 66 S.Ct. 284, 287, 90 L.Ed. 311 (1946). Under the federal standard, "dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice."

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249, 102 S.Ct. 252, 262, 70 L.Ed.2d 419 (1981).

The court's inherent power to protect the integrity of its process through *forum non conveniens* is similar to the court's inherent power to punish contempt. Of the latter, the Supreme Court has written:

It is essential to the administration of justice. The courts of the United States, when called into existence and vested with jurisdiction over any subject, at once become possessed of the power. So far as the inferior federal courts are concerned, however, it is not beyond the authority of Congress; but the attributes which inhere in that power and are inseparable from it can neither be abrogated nor rendered practically inoperative. That it may be regulated within limits not precisely defined may not be doubted.

*Michaelson v. United States*, 266 U.S. 42, 65–66, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924). We think this statement applies with equal force to the authority of a federal district court to dismiss an action for want of an appropriate forum.

The Court's interest in controlling its crowded docket also provides a basis for the Court's inherent power to dismiss on grounds of *forum non conveniens:* "the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Piper Aircraft Co. v. Reyno*, 454 U.S. at 241, 102 S.Ct. at 258 (quoting *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. at 524, 67 S.Ct. at 831–32). "Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The *forum non conveniens* doctrine is "designed in part to help courts avoid conducting complex exercises in comparative law," *Piper Aircraft Co.*, 454 U.S. at 251, 102 S.Ct. at

263, an exercise the court below would have to undertake if it litigated this case on the merits.

The plaintiffs acknowledge, as they must, the court's inherent power to dismiss a case for the purposes expressed in the doctrine. They insist, however, that *Erie* precludes a court from invoking this power if its invocation would control the "outcome" of the parties' controversy.

The *Erie* rule holds that neither Congress nor the courts have the constitutional authority to promulgate the substantive rule of law that controls the controversy in a diversity case:

> There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or "general," be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts.

*Erie Railroad v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). *See also Bernhardt v. Polygraphic Company of America*, 350 U.S. 198, 202, 76 S.Ct. 273, 275, 100 L.Ed. 199 (1956). It is obvious that the district court here, in deciding the merits of the defendants' motions to dismiss, did not explicitly promulgate a state common law rule. The question thus becomes whether the court did so by implication. We think not.

We recognize that the application of the federal, rather than the state, *forum non conveniens* rule alters the outcome of this case. Under Florida law, the plaintiffs would litigate their claims to a conclusion on the merits; under federal law, they are precluded from reaching the merits. They are, in effect, consigned to the Costa Rican courts for trial. This does not mean, however, that, in dismissing their case, the

federal court fashioned a state substantive rule in violation of *Erie*.

The *forum non conveniens* doctrine is a rule of venue, not a rule of decision. The doctrine provides "simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of [the law]." *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 507, 67 S.Ct. at 842. In contrast, "rules of decision" are the "substantive" law of the state, the "legal rules [which] determine the outcome of a litigation." *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945). It is true that a judge-made rule *may* qualify as a rule of decision if it substantially affects the "character or result of a litigation." *Hanna v. Plumer*, 380 U.S. 460, 467, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965). But the trial court's decision, under the circumstances presented here, whether to exercise its jurisdiction and decide the case was not a decision going to the character and result of the controversy. Rather, it was a decision that occurred before, and completely apart from, any application of state substantive law. A trial court only reaches the state rule of decision, relating to the character and result of the litigation, once it has decided to try the case and determine whether the plaintiff has a valid claim for relief. We hold, accordingly, that the district court's application of the doctrine of *forum non conveniens* in this case did not operate as a state substantive rule of law and thus transgress *Erie*'s constitutional prohibition.[6] The judgment of the district court is therefore

AFFIRMED.

6. The plaintiffs claim that the district court's action violated the Rules of Decision Act, 28 U.S.C. § 1652 (1982), is plainly foreclosed by the foregoing analysis. That act provides:
> The laws of the several states, except where the Constitution or treaties of the United

States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.