**ROLLS ROYCE (CANADA), LTD., Plaintiff,**

**v.**

**CAYMAN AIRWAYS, LTD., Defendant.**

**No. 85–778–CIV–KING.**

United States District Court, S.D. Florida.

July 23, 1985.

As Corrected on Order of Clarification Due to Scrivener's Error July 24, 1985.

Alan J. Kluger, Miami, Fla., for plaintiff.

Brook C. Miller, Miami, Fla., for defendant.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THIS CAUSE UNDER FORUM NON CONVENIENS

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before the Court upon, *inter alia*, defendant's, CAYMAN AIRWAYS, LTD., motion to dismiss or, in the alternative, motion to stay and plaintiff's, ROLLS ROYCE (CANADA), LTD., in response thereto, and upon plaintiff's petition for remand and defendant's response thereto. In order to place the parties respective arguments in proper perspective, a brief discussion of the procedural history is in order.

The present controversy arises out of an alleged breach of contract in which plaintiff agreed to perform certain maintenance and repair services on certain aircraft engines owned and operated by the defendant; plaintiff alleges that services were rendered and that the defendant has refused to pay. In response to defendants alleged breach, the plaintiff first petitioned the Superior Court for the District of Mont-

real Province of Quebec, Canada, Case No. 500–05–15191–834, for writ of seizure before judgment.

It appears that the subject seizure before judgment is a special mode of execution whereby the plaintiff's rights are protected by seizing the subject property and placing it in the custody of a judicial guardian pending the outcome of the subject dispute. Plaintiff asserts by way of affidavit that the two aircraft engines in its possession, which belonged to the defendant, have since been seized and are presently in the custody of a judicial guardian of the Superior Court for the District of Montreal. Subsequent to plaintiff's action in Canada, it filed yet another action in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Case No. 85–7549, wherein it sought damages for breach of contract. Defendant subsequently removed the state proceedings to this forum pursuant to 28 U.S.C. §§ 1330(a) & 1441(d); plaintiff has since filed a petition for remand which this Court finds, at the outset, must be denied.

■ For removal to be proper under § 1330(a), this Court must find that the defendant is a foreign state pursuant to 28 U.S.C. § 1603 which includes, *inter alia,* that it not be a citizen of a state of the United States as defined under 28 U.S.C. § 1332(c). The thrust of plaintiff's argument in opposition to defendant's petition for removal is that the defendant is not a foreign state within the meaning of § 1603(a) since it has its principal place of business in Miami, Florida. Defendant, on the other hand, argues that it is a corporation formed and existing under the laws of the Cayman Islands, and that it does not come within the purview of § 1332(c).

■ Upon this Court's review of the record in this cause, defendant's petition for removal and plaintiff's response thereto by way of petition for remand, the Court finds that it has jurisdiction pursuant to § 1330 (a) and, therefore, plaintiff's petition for remand must be denied. However, upon this Court's review of defendant's

motion to dismiss, the Court finds it dispositive of this cause.

Defendant asserts three grounds for dismissal in its motion to dismiss plaintiff's complaint: (1) the Court lacks subject matter and personal jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.;* (2) the case should be dismissed on *forum non conveniens* grounds; and (3) the abstension doctrine warrants dismissal under the principle of comity since there is presently pending identical litigation in Montreal, Canada involving the same parties and the same subject matter. After reviewing the respective arguments, this Court is of the opinion that defendant's motion to dismiss should be granted under grounds two and three. *See,* e.g., *Brinco Mining Limited v. Federal Insurance Co.,* 552 F.Supp. 1233 (D.D.C.1982); and *Sibaja v. Dow Chemical Company,* 757 F.2d 1215 (11th Cir.1985), respectively.

■ The FSIA enables a foreign state to assert its sovereign immunity under § 1602 and thereby free itself from the jurisdiction of the United States courts, unless the foreign state's commercial activities fall under the general exceptions enunciated under 28 U.S.C. § 1605. Upon this Courts review of the respective arguments advanced for and against defendant's contention that this Court lacks subject matter and personal jurisdiction under the FSIA, the Court finds that it does have jurisdiction since the defendant's commercial activities within the United States fall within the § 1605(a)(2) exception to its sovereign immunity. *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983); *Texas Trading v. Federal Republic of Nigeria,* 647 F.2d 300 (2d Cir.1981).

■ Next, defendant argues that dismissal is appropriate under *forum non conveniens* grounds since: (1) the subject contract was entered into in Canada; (2) under the provisions of the contract, "[t]he agreement, regardless of where executed, shall be governed, and construed in accordance with the laws of the Province of Quebec, Canada, *Annex A, General Conditions,* at

1.13 Interpretation, *Defendant's Supplement in Support of its Motion to Dismiss*, Exhibit A; (3) this Court will thus be forced to interpret the civil law of Quebec, Canada, which substantially differs from the common law; (4) the subject repairs which were performed on the aircraft engines were performed in Canada with the bills accruing therefrom to be paid in Canada; (5) the repaired engines are likewise in Canada; (6) plaintiff resides in and is a citizen of Canada and defendant resides in and is a citizen of the Cayman Islands; and (7) plaintiff will not be prejudiced by this Court's dismissal of the case since there remains pending the same litigation envolving the same parties and subject matter in Canada. However, plaintiff argues that the case at bar is properly before this Court since (1) the repair orders and work orders involving the subject contract to repair the aircraft engines came out of Miami, Florida; and (2) the witnesses are all within this Court's jurisdiction or in the nearby Cayman Islands—e.g., the employees of the defendant who diagnosed the engines for repair, removed the engines for shipping, prepared the necessary shipping and customs documentation and executed the work and repair orders, are all within the jurisdiction of this Court.

Upon this Court's review of the private and public-interest factors in relation to the arguments for and against dismissal under *forum non conveniens* grounds, as enunciated under *Sibaja, supra,* and after reviewing the respective arguments concerning abstention, *Brinco Mining Limited, supra,* and it appearing that the defendant has asserted that it will not contest the jurisdiction of the Canada forum if the subject motion to dismiss were granted, the Court finds that the interests of justice would best be served by dismissing the subject action without prejudice to plaintiff's rights to proceed in the Superior Court of Canada.

Accordingly, for the aforementioned reasons and the Court otherwise being fully advised in the premises, it is

ORDERED and ADJUDGED that defendant's motion to dismiss plaintiff's complaint be, and it is hereby, GRANTED. Accordingly, this case is hereby DISMISSED without prejudice to plaintiff's rights to further pursue the matter in Canada.