30

Juan Luis Ramirez ROJAS, et
al., Plaintiffs,

v.

Jack D. DeMENT, Castle & Cooke, Inc.,
Dow Chemical Co., Shell Oil Co. and
Occidental Chemical Corp., Defendants.

Nos. 91–8185–CIV–GONZALEZ, 91–8193–
CIV–GONZALEZ to 91–8195–CIV–
GONZALEZ, 91–8196–CIV–PAINE, 91–
8197–CIV–PAINE, 91–8198–CIV–GON-
ZALEZ, 91–8199–CIV–GONZALEZ, 91–
8200–CIV–PAINE, 91–8201–CIV–
ZLOCH, 91–8202–CIV–PAINE, 91–8203–
CIV–ROETTGER, 91–8204–CIV–
ZLOCH, 91–8205–CIV–PAINE, 91–8206–
CIV–RYSKAMP, 91–8207–CIV–ROETT-
GER, 91–8208–CIV–GONZALEZ, 91–
8209–CIV–ROETTGER, 91–8210–CIV–
MARCUS, 91–8211–CIV–PAINE, 91–
8213–CIV–RYSKAMP, 91–8214–CIV–
PAINE, 91–8215–CIV–GONZALEZ, 91–
8216–CIV–PAINE, 91–8217–CIV–KING,
91–8218–CIV–PAINE, 91–8219–CIV–
GONZALEZ, 91–8220–CIV–ZLOCH, 91–
8221–CIV–PAINE, 91–8222–CIV–
ZLOCH, 91–8223–CIV–ROETTGER, 91–
8224–CIV–PAINE, 91–8225–CIV–RO-
ETTGER, 91–8226–CIV–PAINE, 91–
8227–CIV–KEHOE, 91–8228–CIV–RO-
ETTGER, 91–8229–CIV–GONZALEZ,
91–8230–CIV–ROETTGER, 91–8231–
CIV–PAINE, 91–8232–CIV–ROETT-
GER, 91–8235–CIV–ZLOCH, 91–8236–
CIV–ZLOCH, 91–8237–CIV–PAINE, 91–
8238–CIV–ROETTGER, 91–8239–CIV–
ROETTGER, 91–8240–CIV–PAINE TO
91–8242–CIV–PAINE, 91–8243–CIV–
ZLOCH, 91–8245–CIV–ROETTGER, 91–
8246–CIV–PAINE, 91–8247–CIV–GON-
ZALEZ, 91–8248–CIV–ZLOCH, 91–
8249–CIV–DAVIS, 91–8250–CIV–GON-
ZALEZ, 91–8251–CIV–RYSKAMP, 91–
8252–CIV–ROETTGER, 91–8253–CIV–
ROETTGER, 91–8254–CIV–PAINE and
91–8255–CIV–KING.

United States District Court,
S.D. Florida.

June 19, 1991.

Peter S. Schwedock, Miami, Fla., Brent M. Rosenthal, and Charles S. Seigel, Dallas, Tex., for plaintiffs.

R. Burton Ballanfant, Houston, Tex., and Henry Burnett, Miami, Fla., for defendant Shell Oil Co.

Hayward D. Gay, West Palm Beach, Fla., Lawrence A. Looby, Midland, Mich., and Gennaro A. Filice, III, Oakland, Cal., for defendant Dow Chemical Co.

William F. Hamilton, Miami, Fla., and Stephen C. Lewis, San Francisco, Cal., for defendant Occidental Chemical Corp.

Robert C. Zundel, Boca Raton, Fla., for defendants Jack D. DeMent and Castle & Cooke, Inc.

### FINAL ORDER OF DISMISSAL OF ALL CASES

GONZALEZ, District Judge.

THESE SIXTY CASES have come before the undersigned pursuant to Administrative Order 91–38, entered on May 10, 1991 by the Hon. James Lawrence King, Chief Judge, United States District Court for the Southern District of Florida. The cases were consolidated for the limited purpose of ruling on the defendants' petition for removal.

These cases were commenced on March 29, 1991 when the plaintiffs sued the defendants in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The removal petitions were filed on April 30, 1991. All sixty actions concern personal injury claims arising out of the plaintiffs' alleged exposure to certain chemicals in Costa Rica.

The defendants have filed motions to dismiss for forum non conveniens, and motions for a more definite statement.

The plaintiff has filed a motion for remand. All defendants originally moved for an extension of time to respond to this motion, and subsequently filed their response in opposition to this motion. Finally, defendant Jack D. DeMent ("DeMent") has moved to dismiss for fraudulent joinder.

The defendants direct the court's attention to the order of the Hon. C. Clyde Atkins, Senior United States District Judge for the Southern District of Florida, in the matter of *Cabalceta v. Standard Fruit Co., et al.*, 667 F.Supp. 833 (S.D.Fla.1987), for the proposition that the instant litigation should be dismissed as duplicative, or, at the very least, as being brought in the wrong forum.

### FACTS

#### A. *Background*

Each plaintiff has alleged that he was exposed to the poisonous chemical dibromochloropropane ("DBCP") while working on banana plantations in Costa Rica. The complaints allege that said exposure occurred in "the early 1980's".

Defendants Dow Chemical Co. ("Dow"), Shell Oil Co. ("Shell"), and Occidental Chemical Corp. ("Occidental") are all alleged to have manufactured, sold and distributed certain products called nematocides, which contained DBCP; these products were allegedly used on the plantations. Defendant Castle & Cook, Inc. ("Castle") allegedly operated the plantations; and defendant DeMent allegedly determined the application of nematocides on the plantations. *See, e.g.*, Complaint of Juan Luis Ramirez Rojas, ¶¶ 8, 9.

The plaintiffs are all Costa Rican citizens. With the exception of each plaintiff, the cases are identical.

#### B. *Prior Cases*

The Court finds that the law governing these cases is very well established in this district and in this circuit.

In 1983, fifty-eight (58) Costa Rican citizens brought similar actions in the Circuit Court of the Eleventh Judicial Circuit for Dade County, Florida. The defendants in that action included defendants Dow and Shell, but did not include defendants Castle, Occidental or DeMent. Removal to this

federal court was granted. Chief Judge King eventually dismissed the suits under the doctrine of forum non conveniens. The dismissal was affirmed by the Eleventh Circuit, and the United States Supreme Court denied certiorari. *See, Sibaja v. Dow Chemical Co.,* 757 F.2d 1215 (11th Cir.), *cert. denied,* 474 U.S. 948, 106 S.Ct. 347, 88 L.Ed.2d 294 (1985).

In 1987, two hundred and twelve (212) Costa Ricans brought another action, again in Dade County Circuit Court. The defendants in this action again were Dow, Shell, and Castle, but not Occidental or DeMent. Removal was again granted, and Judge Atkins dismissed the actions again, for, *inter alia,* forum non conveniens. *Cabalceta,* 667 F.Supp. at 838–839. Judge Atkins' decision was affirmed on all relevant grounds on appeal. *Cabalceta v. Standard Fruit Co., et al.,* 883 F.2d 1553 (11th Cir.1989).

The defendants further inform this court that thirty-four (34) similar cases brought in the California state court system, and removed to federal court, have likewise since been dismissed on forum non conveniens grounds. In addition, two hundred and six (206) similar cases commenced in the Texas state court system, were removed to the federal courts, and remain pending.

## DISCUSSION

### A. *This Court's Jurisdiction*

 The court finds that it has jurisdiction, on the basis of diversity of citizenship. 28 U.S.C. §§ 1332, 1441. It is clear to the Court that all plaintiffs are Costa Rican citizens, defendant DeMent is a Florida citizen, and the remaining corporate defendants are citizens of other states. Venue is proper in this judicial forum as one of the defendants resides within this judicial district. 28 U.S.C. § 1391(a).

### B. *Joinder of Defendant DeMent*

In its removal petition, the defendants have stated that DeMent was improperly joined as a defendant. Were this true, venue would not be proper in this judicial district.

There is, however, a reasonable basis in fact, and a colorable claim against this defendant. *Cabalceta,* 667 F.Supp. at 836. The plaintiffs would be able to establish a cause of action in state court against this defendant. *Id.; Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983). DeMent, therefore, has been properly joined as a defendant.

### C. *Another Dismissal for Forum Non Conveniens*

██ In *Cabalceta,* Judge Atkins wrote that the actions were "one of the most wideranging efforts at forum shopping in legal history." *Cabalceta,* 667 F.Supp. at 837 (citations omitted). The *Sibaja* case before Chief Judge King was filed prior to the *Cabalceta* case. Since then, the California and Texas cases have been filed. In total, including the present cases, four hundred and seventy (470) identical cases have been brought concerning DBCP exposure in Costa Rican plantations.

Judge Atkins took judicial notice of Judge King's ruling in *Sibaja.* This court will take judicial notice of the well-reasoned and thorough *Cabalceta* decision. Fed.R. Evid. 201. In each case, the Court found that the proper forum was Costa Rica, as the plaintiffs are Costa Rican, and most of the evidence and witnesses are in Costa Rica or outside of the Southern District of Florida. *See, Cabalceta,* 667 F.Supp. at 837–839.

The Court finds that the private interests of the plaintiffs would be better served in a Costa Rican venue, and that the plaintiffs' choice of forum imposes a heavy burden on the defendants and this court. Further, the public interests are not served by the plaintiffs' choice of forum. Finally, the presence of new defendants does not magically transform the Southern District of Florida into a more convenient forum. *Cabalceta,* 667 F.Supp. at 839; *Sibaja,* 757 F.2d at 1218. *See also, Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249, 102 S.Ct. 252, 262, 70 L.Ed.2d 419 (1981) (*citing Gulf Oil v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

The cases before this court are identical to those in *Sibaja* and *Cabalceta*. Those cases were dismissed under the doctrine of forum non conveniens. Plaintiffs herein do not dispute that Costa Rica is a proper venue for these cases, nor do they offer any reasons of convenience to support their choice of this forum. Accordingly, this court will likewise dismiss these cases on the basis of forum non conveniens.

### E. *Sanctions for Duplication of Judicial Labor*

■ Federal Rule of Civil Procedure 11 permits this Court to sanction an attorney who files a pleading that is "interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." Fed.R. Civ.P. 11.

Cases identical to these have been previously dismissed by two different judges of this court on two separate occasions. In both instances, those dismissals were affirmed on appeal. *See, Sibaja* and *Cabalceta, supra.*

Counsel for the present plaintiffs represented the plaintiffs in the *Sibaja* and *Cabalceta* actions.

By the orders of two United States District Judges in the Southern District of Florida, plaintiffs' counsel have been informed that the proper forum for actions arising out of DBCP exposure in Costa Rican plantations during the early 1980's is Costa Rica—not the Southern District of Florida.

The United States Court of Appeals for the Eleventh Circuit has held that Rule 11 sanctions are appropriate if a party files a claim barred by res judicata. *See, e.g. Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 261, 112 L.Ed.2d 218 (1990). Although not controlled by res judicata, the pending cases are clearly governed by well established legal precedent.

This court has had to expend precious judicial time and resources to remind plaintiffs' counsel of the rulings of Judges King and Atkins—facts with which they should be well familiar since they were also plaintiffs' counsel in those earlier cases.

The court finds that the attorneys' filing of the pending actions was not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. The filings herein not being objectively reasonable, the court finds that Rule 11 sanctions are appropriate.

CONCLUSION

The Court has reviewed the motion, the record, and the being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

1. That pursuant to 28 U.S.C. § 1441, *et seq.* defendants' petitions for removal are hereby GRANTED, the plaintiffs motion to remand is DENIED, and these cases will all stand REMOVED to this federal forum;

2. The defendants motion for an extension of time to respond to the plaintiffs motion to remand will be DENIED as moot;

3. For the foregoing reasons, the defendants' motions to dismiss for forum non conveniens are hereby GRANTED, defendant DeMent's motion to dismiss for fraudulent joinder will be DENIED, and these causes be and the same are all hereby DISMISSED;

4. The defendants' motions for a more definite statement are DENIED as moot;

5. The Court will *sua sponte* impose sanctions pursuant to Rule 11, Federal Rules of Civil Procedure, on plaintiffs' counsel;

6. Within thirty (30) days from the date of this Order:

(a) Defendants' counsel should file affidavits as to their reasonable expenses incurred because of the filing of these actions, including a reasonable attorneys fee;

(b) Defendants' counsel should furnish appropriate forms of final judgment for entry herein as to the Rule 11 sanctions to be hereafter imposed; and

**34**

7. The court retains jurisdiction of the parties and these actions for the limited purpose of entering judgment as to Rule 11 sanctions to be hereinafter imposed.

DONE AND ORDERED.