Clare M. LUGONES and Richard Lugones, Plaintiffs,

v.

SANDALS RESORTS, INC. d/b/a Sandals; Sandals Negril, Ltd. d/b/a Sandals; Unique Vacations, Inc.; Go Go Tours, Inc.; and Jamaica Tours Limited a/k/a Jamaica Tours Limited, Inc., Defendants.

No. 93–2008–CIV–MORENO.

United States District Court, S.D. Florida.

Feb. 9, 1995.

William Bendix, Brooklyn, NY and Douglas C. Broker, Miami, FL, for plaintiffs.

David B. Newman, New York City and Alan Rosenthal, Miami, FL, for defendants.

### AMENDED ORDER DENYING DEFENDANTS' MOTION TO DISMISS

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss the Complaint (docket no. 33), filed on July 5, 1994.

THE COURT has reviewed the motion, responses, and other pertinent portions of the record. It is

ADJUDGED that the motion is DENIED.

### BACKGROUND

Plaintiffs, who are United States citizens, allege that they were injured during their honeymoon in Jamaica. During an alleged ride in Defendants' van, the van rammed a cow, thereby causing the luggage in the van to hit Plaintiff Clare Lugones in the back of the head. Plaintiffs filed suit in the Supreme Court of New York, County of Westchester. Defendants sought to dismiss the complaint for lack of jurisdiction. Plaintiffs refiled the complaint on September 29, 1994 in the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida. Defendants removed the suit on October 14, 1993. Defendants answered the complaint on the same day.

On July 5, 1994, Defendants filed a motion to dismiss. The Court denied the second part of the motion to dismiss, which alleged that Plaintiff failed to state a cause of action. The Court reserved ruling on the first part of the motion, *forum non conveniens*.

### LEGAL STANDARD

A court will not grant a motion to dismiss unless the plaintiff fails to prove any facts that would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When rul-

ing on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well pleaded facts as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *St. Joseph's Hosp., Inc. v. Hosp. Corp. of America,* 795 F.2d 948 (11th Cir. 1986).

### LEGAL ANALYSIS

■ Defendants argue that the Court should dismiss ·the complaint and Plaintiffs should refile in Jamaica. The Court will apply federal law to determine the applicability of *forum non conveniens. Sibaja v. Dow Chem. Co.,* 757 F.2d 1215, 1219 (11th Cir. 1985). Before reaching the merits of the defense, the Court will address the timeliness of the *forum non conveniens* defense.

■ A defendant must submit a timely motion for *forum non conveniens. In re Air Crash Disaster Near New Orleans,* 821 F.2d 1147, 1165 (5th Cir.1987), *vacated on other grounds sub nom. Pan American Airways, Inc., v. Lopez,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989). The Fifth Circuit held:

> [A] defendant must assert a motion to dismiss for forum non conveniens [sic] within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known or reasonably knowable to the defendant. While untimeliness will not effect a waiver, it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve.

*In re Air Crash Disaster,* 821 F.2d at 1165 (citations omitted). *But see Fifth & Walnut, Inc., v. Loew's, Inc.,* 76 F.Supp. 64 (S.D.N.Y. 1948). If a defendant files a *forum non conveniens* objection for the first time after the defendant has answered, deposed witnesses, and caused the plaintiff to incur expense in preparing for trial, then the court may deny the defendant's motion. *Creamer v. Creamer,* 482 A.2d 346, 353 (D.C.1984) (quoting *Wilburn v. Wilburn,* 192 A.2d 797, 801 (D.C.1963)).

Defendants submitted the motion to dismiss over eight months after Defendants removed and answered the complaint. The Court set the cause for trial before Defendants filed the motion to dismiss. The parties have conducted extensive discovery. (Def.'s Mot.Continuance, filed February 7, 1994). The Court continued the trial on February 16, 1994, pursuant to Defendants' request.

■ While the Court could adopt a "dim view" of Defendants' motion, the Court will address the merits of the *forum non conveniens* defense without considering the timeliness of the motion to dismiss. A court may dismiss a complaint under the doctrine of *forum non conveniens* after it balances several factors:

> As a prerequisite, the court must establish whether an adequate alternative forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of *public* interest tip the balance in favor of a trial in a foreign forum. If he decides that the balance favors such a foreign forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

*La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir.1983) (quoting *Pain v. United Technologies Corp.,* 637 F.2d 775, 784–85 (D.C.Cir.1980) (emphasis in original), *cert. denied,* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981)). In *Gulf Oil Co v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court listed the private factors a court should consider:

> [T]he· relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; probability of view of premises, if view would be appropriate to the action; and all other practical problems that make

trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained.

*Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843. The public interest factors include, "court congestion and jury duty generated by controversies having no relation to the forum; the desirability of having localized controversies decided at home; and the difficulties attendant resolving conflict-of-laws problems and applying 'foreign law.'" *Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843. Defendant carries the burden to produce "enough information to enable the district court to balance the parties interest." *Piper Aircraft,* 454 U.S. at 258, 102 S.Ct. at 267. An appellate court may reverse a district court decision to dismiss a complaint under the *forum non conveniens* doctrine " 'where there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors; and where its balancing of these factors is reasonable, its decision deserves substantial deference.'" *La Seguridad* 707 F.2d at 1308 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981)). Using these principles, the Court will evaluate whether it should dismiss the complaint under the doctrine of *forum non conveniens.*

## A. An Adequate Alternative Forum

The first issue is whether an adequate alternative forum exists. "Suitability" of the alternative forum is not a "high hurdle." *Carnival Cruise Lines, Inc. v. Oy Wartsila AB,* 159 B.R. 984, 990 (S.D.Fla. 1993). If a defendant is "amenable to process" and the parties will not be deprived of all remedies or treated unfairly, then the alternative jurisdiction will ordinarily be sufficient. *Piper Aircraft,* 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22; *Mercier v. Sheraton Int'l, Inc.,* 935 F.2d 419, 424 (1st Cir.1991) (citing *In re Air Crash Disaster Near New Orleans,* 821 F.2d at 1165).

Defendants agree to submit to Jamaican jurisdiction. Defendants submitted an affidavit that Plaintiffs may maintain this type of personal injury claim in Jamaica courts. Defendants have offered to waive the statute of limitations. The Court finds that Plaintiffs would not be deprived of all remedies in Jamaica. Therefore, an adequate alternative forum exists.

## B. Private Interest Factors

Since an adequate alternative forum exists, the Court must balance the private interest factors. Plaintiffs allege that they face substantial practical problems in Jamaica. The Eighth Circuit denied a *forum non conveniens* objection and stated that "a court must be alert to the realities of the plaintiff's position, financial and otherwise, and his or her ability as a practical matter to bring suit in the alternative forum." *Lehman v. Humphrey Cayman, Ltd.,* 713 F.2d 339, 346 (8th Cir.1983). Primarily, Plaintiffs contend that they are unlikely to receive a jury trial in Jamaica. Furthermore, Plaintiffs point out that they are without financial resources, Jamaica does not have a contingency fee system, and they therefore would not be able to afford a trial in Jamaica. Defendants do not contest that Plaintiff lacks access to a jury trial or a contingency fee attorney in Jamaica.

In addition to the practical problems of a Jamaica forum, Plaintiffs note that witnesses for Plaintiffs' damages do not reside in Jamaica. In addition, Plaintiffs may call experts on liability, such as trade standard experts, who do not reside in Jamaica.

To rebut Plaintiffs' arguments, Defendants maintain that they face practical difficulties in a suit outside of Jamaica. The accident occurred in Jamaica. And, the allegedly negligent Defendants contest jurisdiction before this Court.

Considering the arguments of Plaintiffs and Defendants, the Court finds that the witnesses are located in both the United States and Jamaica. Either forum will cause problems for the witnesses. Based on the uncontroverted problems that face Plaintiffs and the inconvenience for witnesses in either a Miami or Jamaica forum, the Court concludes that the private factors do not favor dismissal. *See Lehman,* 713 F.2d at 345–46.

825

C. Public Interest Factors

Since the private interest factors are not in equipoise, the Court need not address whether the public interest factors favor a Jamaica forum. Nevertheless, the Court notes that the public interest factors do not require dismissal because the Court's docket is not congested, the Court can decide any conflict of law problems, the Court can apply foreign law, and the jury will be citizens of a state where Defendants transact business.

## CONCLUSION

It is,

ADJUDGED that Defendants' motion to dismiss is DENIED, with leave to file a motion for summary judgment, as done in this Court's Order dated the 17th day of October, 1994, and as amended on this 9th day of February, 1995.