**Jane DOE, Plaintiff,**

v.

**SUN INTERNATIONAL HOTELS, LTD., a Bahamian corporation, Defendant.**

**No. 97–3359–CIV.**

United States District Court, S.D. Florida.

May 20, 1998.

Parks & Stone, P.A., Coral Gables, FL, for Jane Doe.

Donald Edward Fucik, Rumberger Kirk & Caldwell, Miami, FL, for Sun Intern. Hotels, Ltd.

## ORDER DENYING MOTION TO DISMISS

GOLD, District Judge.

**THIS CAUSE** came before the Court on Defendant's Motion to Dismiss or Transfer based on the doctrine of forum non conveniens. For the following reasons, the motion is denied.

Eighteen-year old Jane Doe filed this lawsuit against Sun International Hotels, Inc., a Bahamian holding company, alleging that she was raped last year while on vacation at the defendant's resort. The complaint alleges that the defendant breached its duty to maintain the hotel premises in a reasonably safe condition and to warn invitees about the likelihood of harm from third persons. Sun International Hotels filed a motion to dismiss based on forum non conveniens seeking to dismiss the lawsuit because, among other reasons, the incident occurred in the Bahamas and Bahamian law will apply. By an earlier order, the Court stayed all discovery in this matter not related to the issue of forum non conveniens. On May 14, 1998, the Court held a hearing on defendant's motion.

Under the doctrine of forum non conveniens, a district court has inherent power to decline to exercise jurisdiction over a case when an adequate alternative forum is available. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). The court must "weigh relative advantages and obstacles to fair trial" in each forum, considering factors of private and public interest. *Id.* at 508, 67 S.Ct. at 843.

Initially, the defendant must establish that an adequate alternative forum exists which possesses jurisdiction over the whole case. *La Seguridad v. Transytur Line,* 707 F.2d 1304, 1307 (11th Cir.1983). If defendant has met the burden of showing that an adequate alternative forum exists, the trial judge must then consider all rele-

William Andrew Haggard, Robert L. Parks, Jeannete Lewis Bologna, Haggard

vant factors of private interest, weighing in the balance, a strong presumption against disturbing the plaintiffs' initial forum choice. The Supreme Court has indicated that in considering the private interests of the litigants, important factors include the relative case of access to sources of proof; ability to obtain witnesses; possibility of view of premises, if relevant; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). If the balance of private interests is in, or near, equipoise, the court must then determine whether or not factors of public interest tip the balance in favor of a trial in a foreign forum. *Pain v. United Technologies Corp.*, 637 F.2d 775, 784–85 (D.C.Cir.1980). Public interest factors bearing upon the forum's interest in entertaining the lawsuit include court congestion and jury duty generated by controversies having no relation to the forum; the desirability of having localized controversies decided at home; and the difficulties attendant resolving conflict-of-laws problems and applying foreign law. *Gilbert*, 330 U.S. at 508–09, 67 S.Ct. 839. Since the touchstone of forum non conveniens analysis is convenience, controlling weight cannot be given to any one factor in the balancing process or the doctrine would lose much of the flexibility that is its essence. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). If the court determines that the balance favors a foreign forum, it must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience, or prejudice. *Pain*, 637 F.2d at 784–85.

■ It is axiomatic in a forum non conveniens analysis that unless the balance of private and public interest factors strongly favors the defendant, the plaintiff's choice of forum should rarely be disturbed. *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839. Defendant argues that the lawsuit should be tried in the Bahamas because of ease of access to sources of proof and to enable the trier-of-fact to view the premises. But in this case, the plaintiff possesses all her medical and treating records and the factual incident reports made by Atlantis security personnel. Other documentation, such as employee personnel records, security reports, check-in forms, and employee statements are all within the control of Sun Hotels and therefore within the parties' access. As to a view of the premises, defendant admits that in the Bahamas there is no right to a jury trial, therefore, there is no need for a jury view of Atlantis. The physical lay-out of the premises and lighting conditions can be shown at trial by video and photographs. Furthermore, the defendant has not shown that a Bahamian forum would be more convenient for the witnesses. Witnesses for the plaintiff have all agreed to come to Florida and key defense witnesses are employees of the defendant who are within the defendant's control.

The Court finds that there are significant practical reasons for trying the case in the United States. In the Bahamas the plaintiff would not be entitled to a jury trial and she would be unable to obtain a lawyer on a contingency fee basis. It is undisputed that the eighteen-year old plaintiff does not have the financially ability to bring a lawsuit in the Bahamas. Thus for all practical purposes the plaintiff would be unable to maintain a lawsuit in the Bahamas. Under the circumstances, the practicality factors weigh heavily in favor of a United States forum. *See Lugones v. Sandals Resorts, Inc.*, 875 F.Supp. 821, 824 (S.D.Fla.1995) (denying motion to dismiss for forum non conveniens where a United States plaintiff injured on vacation in Jamaica lacked access to a jury trial or contingency fee attorney in Jamaica).

As for the public interest factors, the Court finds that both the United States and the Bahamas has a stake in the just resolution of the lawsuit. Administrative difficulties for the courts, such as court congestion, cannot be given great weight. *See Buse v. Paradise Grand Hotel Venture, Ltd.* (S.D.Fla. April 28, 1994). The fact that Bahamian law may apply in this case is relevant, but not dispositive. Federal courts are often required to decide issues of foreign law. *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 345 (8th Cir.1983).

■ The defendant argues that there is an additional consideration in this case, that is, the plaintiff's step-father signed a guest registration folio which contained a fine-print

forum selection clause. The Court acknowledges that forum selection clauses are generally enforceable, *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), but finds that in this case, the step-father's signature was either insufficient to bind the plaintiff or was voided by the plaintiff upon reaching the age of majority. *See Valldejuli v. Social Security Admin.,* 1994 WL 912253 (N.D.Fla.1994).

For the foregoing reasons, the motion to dismiss is DENIED. The Court has determined that the case should not be transferred to Broward County. The stay on discovery is lifted.