BLACK, Circuit Judge,
dissenting:
I respectfully dissent from today’s decision for two overarching reasons. First, the majority’s private interest analysis does not accord sufficient deference to the district court’s decision.[1] Second, the majority’s public interest pronouncements are improvident dicta.
I. FORUM NON CONVENIENS IN GENERAL
Generally speaking, three Supreme Court cases provide the foundation for analyzing forum non conveniens issues. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Roster v. (Am.) Lumbermens Mut. Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Gilbert established the familiar private/public interests framework. 330 U.S. at 508-09, 67 S.Ct. at 843. Relevant private interests include access to sources of proof, the availability and cost of attendance of witnesses, the possibility of view of the premises, “and all other practical problems that make trial of a case easy, expeditious and inexpensive.” Id. at 508, 67 S.Ct. at 843. Relevant public interests, on the other hand, include administrative difficulties with deciding htigation in congested centers rather than at their origin, the imposition of jury duty on a community unrelated to the htigation, the relative interests of the possible fora, and the interest in a court avoiding the necessity of “untangling] problems in conflict of laws, and [applying] law foreign to itself.” Id. at 508-09, 67 S.Ct. at 843. Gilbert’s com *1106 panion case, Koster, stated the strong presumption in favor of a home plaintiffs choice of forum. 330 U.S. at 524, 67 S.Ct. at 831-32. Finally, Piper Aircraft clarified that this presumption is “somewhat” weaker when the plaintiff is a foreigner. 454 U.S. at 255 n. 23, 102 S.Ct. at 266 n. 23. Nevertheless, even though the deference due a domestic plaintiffs forum choice is greater, Piper Aircraft explained:
A citizen’s forum choice should not be given dispositive weight, however. Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.
Id. (emphasis added and citations omitted).
With this foundation in mind, we have previously clarified that a district court must merely do three things before concluding a case should be dismissed under forum non conveniens. C.A. La Seguridad v. Transytur Line, 707 F.2d 1304, 1307 (11th Cir.1983). First, it must identify an adequate alternative forum. Id. (citing Gilbert, 330 U.S. at 506-07, 67 S.Ct. at 842). Second, according the plaintiffs forum choice the appropriate deference under Koster and Piper Aircraft, it must weigh the private interests. Id. (citation omitted). Third, if the private interests are at or near equipoise, it must consider whether factors of public interest “tip the balance in favor of a trial in a foreign forum.”[2] Id. (citation omitted). In short, I respectfully disagree with today’s decision because I believe the district court adequately undertook all three steps.
II. THE MAJORITY’S PRIVATE INTEREST ANALYSIS
Despite the limited nature of our review, the majority finds the district court’s analysis of the litigants’ private interests constituted a clear abuse of discretion. Respectfully, I disagree.
A. Abuse of Discretion Review
The Supreme Court has strenuously admonished appellate courts that they may reverse a district court’s forum non conve-niens decision only when there has been a “clear abuse of discretion.” Piper Aircraft, 454 U.S. at 257, 102 S.Ct. at 266 (emphasis added). To that end, “where the [district] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.” Id. Specifically, when applying abuse of discretion review, the Supreme Court has instructed appellate courts not to fall into the trap of “los[ing] sight of this rule, and substitut[ing their] own judgment for that of the District Court.” Id., 102 S.Ct. at 266-67.
The majority has fallen into this trap. The crux of today’s holding is that the district court failed to apply the presumption in favor of domestic plaintiffs’ forum choice. Unfortunately, the majority is able to justify this conclusion only because it does not limit its review for error to a clear abuse of discretion. Typically, when we ask whether a district court abused its discretion, we ask whether the district court applied the relevant law to the relevant facts. For example, even though we might disagree with the district court’s decision, we generally find a district court *1107 abused its discretion only when it applied the wrong rule, failed to balance the relevant factors, or only considered the disadvantages of one of the fora. See Transy-tur Line, 707 F.2d at 1308. In contrast, when we review a question de novo, we do not accord the district court’s reasoning any deference. Today’s opinion, however, does not question whether the district court applied the wrong rule,[3] failed to balance the relevant factors, or only considered the disadvantages of one of the fora — instead, the district court is reversed because it did not apply the rule stringently or meaningfully enough. This holding therefore blurs the important distinction between review for a clear abuse of discretion and de novo review.
B. The District Court’s Recognition and Application of the Strong Presumption
There can be no question the district court was aware of and applied the strong presumption in favor of a plaintiffs initial forum choice. The district court referenced the strong presumption three times. First, the district court explicitly referenced the “strong presumption against disturbing plaintiffs’ initial forum choice.” (Report at 3 (emphasis added; citation and internal punctuation omitted).) Second, the district court explained that “courts should apply the doctrine of forum non conveniens only in rare cases.” (Id. (emphasis added and internal punctuation omitted) (citing Gilbert, 330 U.S. at 510, 67 S.Ct. at 843).) Third, when balancing the private and public factors, the district court clarified that “unless the balance is strongly in favor of the defendants, the plaintiffs’ choice of forum should rarely be disturbed.” (Id. (emphasis added and internal punctuation omitted) (citing Gilbert, 330 U.S. at 508, 67 S.Ct. at 843).) I do not see how the district court could have demonstrated fuller awareness of the strong presumption in favor of a plaintiffs initial forum choice short of stating it a fourth time with the proviso “I really mean it this time.”[4]
C. The District Court’s Analysis of the Private Interests in Light of the Strong Presumption
I believe the district court’s decision is entitled to “substantial deference” because it “considered all relevant public and private interest factors, and ... its balancing of [those] factors [was] reasonable.” Piper Aircraft, 454 U.S. at 257, 102 S.Ct. at 266.
Considering the private interest factors explicitly set out in Gilbert, in light of its previous acknowledgment of the strong presumption in favor of a domestic plaintiffs forum choice, the district court ultimately concluded “the private convenience factors are at or near equipoise.” (Report *1108 at 4.) To contextualize the district court’s reasoning, it is necessary to set it out at length:
Witnesses who examined the merchandise when it was unloaded in Florida are located in Florida. Additionally, the allegedly defective products were shipped to Florida and are currently located in Florida, some of the negotiations took place in Florida, and Defendants’ representatives traveled to Florida on at least one occasion to negotiate.
However, weighing in favor of transfer to Spain is the fact that witnesses who shipped and manufactured the merchandise, as well as Defendants, are located in Spain. Additionally, in light of the fact that Plaintiffs alleged, in part, that the merchandise was defectively manufactured, it may be necessary to examine Defendants’ manufacturing facilities, which are located in Spain. Finally, the documentary evidence is located in both Florida and Spain, and some of it is in Spanish.
(Report at 4 (citation omitted).)
Essentially, the majority holds that when these substantive facts are combined with the strong presumption in favor of a domestic plaintiffs forum choice, a district court clearly abuses its discretion by dismissing the case on forum non conveniens grounds. This conclusion, however, cannot be reached under review for abuse of discretion without substituting the majority’s discretion for that of the district court. Instead, the only sensible way to understand the district court’s conclusion that the private interests were at or near equipoise is that the strong presumption in favor of domestic plaintiffs was partly defeated, not that it was ignored.[5]
The latter interpretation, unfortunately, opens a Pandora’s Box of problems regarding the review of a district court’s forum non conveniens decision. Suppose 51 percent of the evidence were in Spain, and 49 percent were in Florida — would the strong presumption in favor of domestic plaintiffs tilt the balance in favor of retaining jurisdiction? What about 52 percent? 55 percent? 60 percent? In the forum non conveniens scale, precisely how heavily does the strong presumption in favor of domestic plaintiffs’ forum choices weigh? Abuse of discretion review is supposed to obviate the need of appellate courts to draw such arbitrary lines in the sand because it commits such decisions to the district court’s sound discretion.[6] Unfor *1109 tunately, today’s opinion simultaneously deprives district courts of their discretion to determine these thorny forum non con-veniens issues while failing to provide them a clear cut rule for future application.
D. Summary
For these reasons, I respectfully disagree with the majority’s conclusion that the district court committed a clear abuse of discretion when it weighed the litigants’ private interests. Instead, I believe the district court adequately acknowledged the presumption, and still concluded, as was within its discretion, that the private interests were at or near equipoise.
III. THE MAJORITY’S PUBLIC INTEREST ANALYSIS
The district court found two public interests militated toward dismissal: the application of Spanish law and administrative burdens. The majority concludes the district court’s reasoning was in error. I disagree with the majority’s public interest analysis for two reasons.
First, as the majority expressly concedes, (Opinion at 1104), its pronouncements regarding public interests are dicta. See Denno v. Sch. Bd. of Volusia County, Fla., 218 F.3d 1267, 1283 (11th Cir.2000) (defining dicta as court statements that are “not necessary” to decide a case).
Second, the dicta regarding the application of foreign law as a relevant public interest consideration are inconsistent with no fewer than eight Eleventh Circuit cases and two Supreme Court cases. The Supreme Court and Eleventh Circuit have repeatedly held that avoiding the application of foreign law is a relevant public interest consideration. Piper Aircraft, 454 U.S. at 251, 102 S.Ct. at 263; Gilbert, 330 U.S. at 509, 67 S.Ct. at 843; Ford v. Brown, 319 F.3d 1302, 1307 (11th Cir.2003); Leon v. Millon Air, Inc., 251 F.3d 1305, 1315 (11th Cir.2001); Satz, 244 F.3d at 1284; Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 953 (11th Cir.1997); Magnin v. Teledyne Cont’l Motors, 91 F.3d 1424, 1430 (11th Cir.1996); Sigalas v. Lido Maritime, Inc., 776 F.2d 1512, 1520 (11th Cir.1985); Sibaja v. Dow Chemical Co., 757 F.2d 1215, 1217 n. 4 (11th Cir.1985); Transytur Line, 707 F.2d at 1307.
The majority tries to distinguish these cases by noting that none of them involved exclusively domestic plaintiffs. (Opinion at 1104 & n.10.) When analyzing the public interests, however, this is a distinction without difference. The presumption in favor of a domestic plaintiffs forum does not apply when weighing the public interests. See Transytur Line, 707 F.2d at 1307 (“[T]he trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing plaintiffs’ initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether or not factors of public interest tip the balance in favor of trial in a foreign forum.” (second emphasis added)). Instead, the presumption applies only to the weighing of the litigants’ private interests. See id. Indeed, it makes no sense to weigh the presumption in favor of domestic plaintiffs’ forum choices a second time when considering the public interests. Public factors only concern the interests of the local court and local community, see Gilbert, 330 U.S. at 508-09, 67 S.Ct. at 843, whereas the presumption in favor of a plaintiffs forum choice addresses the private interests of the plaintiff. Additionally, I do not understand how the recogni *1110 tion of a federal interest in this litigation would add anything to the public interest scales when the district court already recognized Florida’s interest in this litigation. For these reasons, the weight of the public interest in avoiding the application of foreign law does not turn on whether the plaintiff is domestic or foreign.[7]
IV. CONCLUSION
For these reasons, I respectfully dissent from today’s decision, and would instead affirm the district court.

. Like the majority, for convenience I treat the Magistrate Judge's Report and Recommendation as if it were the district court’s opinion.

. To aid appellate review, we previously clarified that district courts should consider both public and private factors "in all cases.” Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir.2001).

. The majority suggests the district court "failed to articulate the relevant standards,” (Opinion at 1102), but I do not understand why the majority attaches talismanic significance to the fact the district court did not (1) quote "our rule that 'positive evidence of unusually extreme circumstances’ must be present and that the court must be 'thoroughly convinced that material injustice is manifest,’ ” or (2) explain the presumption only applies "when weighing the private interests,” (Opinion at 1102). Given the district court’s explicit and repeated recognition of the strong presumption in favor of a plaintiff's forum choice, see infra Part II.B, I do not think it was necessary for the district court also to regurgitate the majority's particular magic words.

. The majority suggests the district court "never mentions the presumption in favor of the plaintiffs or incorporates the presumption into its calculus once it actually engages in weighing the private interests.” (Opinion at 1102.) I do not understand how the addition of the words "the presumption was defeated” would be any different from adding the proviso “I really mean it this time.”

. The majority declines to "speculate that the district court simply failed to mention the presumption in its application section, but nevertheless considered the presumption and determined that the presumption was defeated.” (Opinion at 1103.) In contrast, because we may only review the district court's decision for a clear abuse of discretion, I would decline to speculate that despite repeatedly stating the presumption in its rule section, the district court nevertheless “entirely failed to consider the presumption in its analysis at all.” (Opinion at 1102.)

. The majority reasons that because "the district court made clear that it found both fora 'equally inconvenient!,]’ if any presumption applies at all, it must apply in this situation.” (Opinion at 1103 n.9.) Thus, the majority interprets the district court to have determined that precisely 50 percent of the evidence was in Spain, and precisely 50 percent of the evidence was in the United States. This interpretation, however, ignores the district court’s actual conclusion that the private interests were "at or near equipoise.” (Order at 4 (emphasis added).) Given the scope of this conclusion, and the limited scope of our review, I believe the district court calculated the presumption in favor of a plaintiff's forum choice did not outweigh its determination that somewhat more evidence was in Spain than the United States. As such, the majority commits the exact same error as countless advocates at oral argument by protesting that the Pandora’s Box problem does not apply in this case. (See Opinion at 1103 n. 9.) Not only does the Pandora’s Box problem apply to *1109 the instant case, but it will certainly apply with full force to the next.

. Alternatively, to the extent the majority merely intends to pronounce the district court could not accord dispositive weight to the potential application of foreign law, the majority knocks down a straw man argument never adopted by the district court. The district court never accorded dispositive weight to the potential application of foreign law because it already had balanced the private interests and concluded they were at or near equipoise. As such, the application of foreign law was nothing more than one of two public interests that tipped the forum non conveniens scale toward dismissal. Accordingly, the majority’s contrary citation to Burt v. Isthmus Development Co., 218 F.2d 353, 357 (5th Cir.1955), is inapposite. (Opinion at 1105 n.11.)